Dear Ms. Morris:
This office is in receipt of the request you made on behalf of the Louisiana State Board of Cosmetology ("Board") for an Opinion from the Attorney General concerning LA.REV.STAT. § 37:582(A)(2).[1]
In furtherance of your request, you provided a narrative of the situation and identified a potential dispute arising from it. This narrative is critical given that it explains how the Board recently rejected a registration submitted by a graduate of Parkview Baptist School ("Parkview") in Sulphur, Louisiana. The registration was rejected because Parkview does not appear on a comprehensive list of nonpublic schools approved by the Louisiana State Board of Elementary and Secondary Education ("BESE"). Because it is not approved by BESE as a nonpublic school, the Board determined Parkview does not comply with LA.REV.STAT. § 37:582(A)(2). After rejecting the registration, the Board notified the enrolling cosmetology school (Stage One — The Hair School, Inc.) that the student would have to provide proof of a "tenth grade education" prior to taking the Board's licensure examination.
As explained by you, Stage One — The Hair School, Inc. then apparently notified the student she would have to obtain an "equivalency diploma" in order to continue in its program because it employed a minimum educational requirement (in order to comply with standards set by national accrediting agencies, not the Board) of a high school *Page 2 
graduation or an "equivalency diploma". Stage One — The Hair School, Inc.'s heightened requirements were explained by you to be consistent with those employed by many of the private cosmetology schools licensed by the Board.
The student and her representatives apparently disagree with the Board's rejection of her registration and the school's consequent assessment. They assert the student is not required to take a General Education Development Test ("GED") and that a diploma from Parkview is sufficient to meet the requirements delineated in LA.REV.STAT. § 37:582
and for admission to Stage One — The Hair School, Inc.
After providing your narrative, you specifically asked this office to determine whether the Board's interpretation of LA.REV.STAT. § 37:582
was correct. Your request and the Attorney General's response to that request are presented as follows:
1. WHETHER THE LOUISIANA STATE BOARD OF COSMETOLOGY'S INTERPRETATIONOF LA.REV.STAT. § 37.258(A)(2) IS/WAS CORRECT?
In our opinion, the Board's interpretation of LA.REV.STAT. § 37:258(A)(2) is/was correct. LA.REV.STAT. § 37:258(A) pertinently requires:
 A. In order to receive a certificate of registration as a registered cosmetologist, esthetician, or manicurist, a person shall, in addition to the requirements set forth in Subsection B of this Section, meet all of the following:
 **********
 (2) have, at the time of completion of the required schooling, the equivalent training as would be contemplated in the satisfactory completion of the tenth grade from an approved high school.[2]
LA.REV.STAT. § 37:258(A)(2) accordingly requires that prior to a person receiving a certificate of registration as a registered cosmetologist, esthetician, or manicurist, he or she must have, at the time of completion of the required schooling, the equivalent training as would be contemplated in the satisfactory completion of the tenth grade from an approved high school. In order to assure compliance with LA.REV.STAT. §37:582(A)(2), the Board requires a student to present a high school diploma or a transcript from a high school approved by BESE indicating the individual completed the tenth grade, the results of the United States Department of Education-approved Ability to Benefit Test ("ABT") or the GED test indicating tenth grade equivalency, or an equivalency diploma. *Page 3 
A review of the comprehensive list of nonpublic schools approved by BESE reveals Parkview is not an approved, nonpublic school.[3]
Consequently, it is our opinion that when the Board rejected the registration at issue (which did not contain evidence of a high school diploma or a transcript from a BESE-approved high school indicating the individual completed the tenth grade, the results of the ATB or the GED indicating tenth grade equivalency, or an equivalency diploma), it did so only after correctly interpreting LA.REV.STAT. § 37:258(A)(2).
I trust this opinion answers your questions. If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: DAVID A. YOUNG Assistant Attorney General
 CCF, JR:DAY:jv
[1] In your letter, you identified LA.REV.STAT. § 37:258(A)(1) as the particular statute of interest. But you then discussed the language contained in LA.REV.STAT. § 37:258(A)(2). After discussing this discrepancy, you explained your inquiry pertained to LA.REV.STAT. § 37:258(A)(2). Consequently, this Opinion will discuss LA.REV.STAT. § 37:258(A)(2), not LA.REV.STAT. § 37:258(A)(1).
[2] LA.REV.STAT. § 37:258(A)(2).
[3] The comprehensive list is found athttp://www.louisianaschools.net/lde/uploads/2060.pdf.